UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS BOBO, | No. 2:16-cv-2340 MCE AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| KINGS COUNTY ASSESSORS OFFICE, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because the complaint, in its current form, is frivolous. Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file *in forma pauperis.*" O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

I. SCREENING

Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting his complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for

1

1 federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court),
2 (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the
3 plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).
4 Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms
5 are available to help pro se plaintiffs organize their complaint in the proper way. They are
6 available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or
7 online at www.uscourts.gov/forms/pro-se-forms.

8     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9 Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
10 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
11 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
12 plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327;
13 Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at
14 Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler,
15 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions
16 cast in the form of factual allegations, or allegations that contradict matters properly subject to
17 judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981);
18 Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187
19 (2001).

20     Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
21 Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
22 only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
23 of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th
24 Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an
25 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See
26 Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

27     A. The Complaint
28     As best the court can tell, the complaint alleges that plaintiff was told by the King County

1 Assessor that the Assessor sold land pursuant to Alice Bobo's will, but that the Assessor does not
2 have the paperwork relating to the sale. Plaintiff asks that the deed be granted back to him, and
3 that he be awarded $100 million.

4     B. Analysis

5 The complaint does not contain any facts showing that plaintiff has a claim entitling him
6 to relief. Assuming, for screening purposes, that it is true that the Assessor sold property and that
7 it does not have paperwork relating to the sale, this does not, in itself, violate any state law, or
8 federal right, of which this court is aware. In addition, the complaint does not contain any facts
9 showing that federal jurisdiction exists, that is, that the case is properly filed in this court rather
10 than in a state court.

11 In order to survive IFP screening, the complaint must allege facts showing that defendant
12 engaged in some conduct that the law prohibits (or failed to do something the law requires), and
13 that in doing so, defendant harmed plaintiff. In addition, if a state law alone is at issue, plaintiff
14 must allege facts showing that "diversity" jurisdiction exists, that is, that the amount in
15 controversy exceeds $75,000, and that he is a citizen of a different state than the defendant. See
16 28 U.S.C. § 1332.

17 It is not clear from the few factual allegations of the complaint whether plaintiff could
18 possibly state a claim that can be heard in this court, and that would entitle him to relief. Plaintiff
19 will therefore be given an opportunity to amend his complaint.

20     C. Amending the Complaint

21 The amended complaint, in addition to alleging facts establishing the existence of federal
22 jurisdiction, must contain a short and plain statement of plaintiff's claim. The allegations of the
23 complaint must be set forth in  sequentially numbered paragraphs, with each paragraph number
24 being one greater than the one before, each paragraph having its own number, and no paragraph
25 number being repeated anywhere in the complaint. Each paragraph should be limited "to a single
26 set of circumstances" where possible. Fed. R. Civ. P. 10(b). As noted above, forms are available
27 to help plaintiff organize his complaint in the proper way. They are available at the Clerk's
28 ////

Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED, because the complaint is frivolous.

4

2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above, or to pay the filing fee.[1]  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: October 25, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] However, if plaintiff chooses to pay the filing fee without amending his complaint, the undersigned may recommend that the action be dismissed for lack of federal jurisdiction.  See Fed. R. Civ. P. 12(h) (court may dismiss at any time for lack of jurisdiction).